IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARCUSS P. CHILDS and
MARTIN SHUMBERT, successor
or representative of Marcuss Childs,

                                                 ORDER

                 Plaintiffs,
    v.

                                              11-cv-500-bbc

DAVID BURNETT, DALIA SULIENE,
CARLO GAANAN, W. BRAD MARTIN,
PAUL SUMNICHT and THOMAS WILLIAMS,

                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In March 2013, the brother of plaintiff Marcuss Childs notified the court that plaintiff had died. The death was confirmed by the prison in which plaintiff had been incarcerated.

      Fed. R. Civ. P. 25(a) provides that if a party dies and the claim is not extinguished, any party or any successor or representative may move for substitution within 90 days after service of a statement noting the death. If no motion is made, the action by the decedent must be dismissed.

      On May 24, 2013, the court directed defendants' counsel to attempt to serve plaintiff's representative or successor. Counsel advised the court on June 10, 2013 that defendants had accomplished service on plaintiff's representative, Martin Shumbert, on June

1

1, 2013.

It is not clear from Rule 25(a) what the drafters intended by "service of a statement," but it is not necessary to decide the meaning. If it means the date on which plaintiff's brother advised the court of the death, the 90 days for moving for substitution would have expired in June 2013. If it means the date on which defendants served plaintiff's representative, the time for moving for substitution expired on August 30, 2013. It is not necessary to decide which of the meanings is correct because plaintiff's representative has still not filed any motion for substitution. Under the circumstances, the case must be dismissed.

## ORDER

IT IS ORDERED that this case is DISMISSED under Fed. R. Civ. P. 25(a) for the failure of plaintiff Marcuss Childs's representative to file a timely motion for substitution.

Entered this 18th day of September, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge